**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carol E. Whitney, | ) | No. CV-11-2256-PHX-GMS |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Renee A. Percell, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant United States's Motion to Dismiss for lack of subject matter jurisdiction. (Doc. 4). For the reasons stated below, the motion is granted, the complaint is dismissed without prejudice, and Plaintiff shall have thirty days to amend her complaint.

**BACKGROUND**

On April 14, 2011, Plaintiff Carol Whitney filed suit in Maricopa County Superior Court, alleging medical malpractice by Defendants Renee A. Percell and Sun Life Family Health Center, Inc. ("Sun Life"), along with a number of fictionally named Defendants. (Doc. 1-1, Ex. A at 7). On May 23, 2011, an attorney who had received service on behalf of Sun Life wrote to Plaintiff's attorney to inform him that because Sun Life provides services pursuant to federal law, it is subject to the Federal Tort Claims Act ("FTCA"). (Doc. 5-2, Ex. B). The United States is liable for the torts of covered entities under the FTCA, so long as

1   a plaintiff exhausts administrative remedies by filing an administrative claim before invoking

2   federal jurisdiction against the United States. 28 U.S.C. §§ 2674, 2675(a) (2006). On May

3   31, 2001, Plaintiff filed an administrative claim against the Department of Health and Human

4   Services ("HHS"). On October 31, 2011, Plaintiff amended her state court complaint without

5   naming the United States or referencing FTCA. (Doc. 5-4, Ex. D). On November 16, 2011,

6   the United States removed this action to federal court, pursuant to 28 U.S.C. § 2679(d)(2) and

7   42 U.S.C. § 233(c), which provide for exclusively federal remedies in cases seeking damages

8   from FTCA-covered entities or their employees. (Doc. 1). On November 18, 2011, the

9   United States filed a motion to dismiss, stating that Plaintiff has failed to exhaust her

10  administrative remedies. (Doc. 4).

11                                    **DISCUSSION**

12  **I.    Legal Standard**

13          The FTCA operates as a limited waiver of sovereign immunity, "making the Federal

14  Government liable to the same extent as a private party for certain torts of federal employees

15  acting within the scope of their employment." *U.S. v. Orleans*, 425 U.S. 807, 813 (1976). To

16  the extent that a claim is not cognizable under the FTCA, the United States has not waived

17  its sovereign immunity, which functions as "an important limitation on the subject matter

18  jurisdiction of federal courts." *Vacek v. U.S. Postal Svc.*, 447 F.3d 1248, 1250 (9th Cir.

19  2006).  A claimant may not invoke the FTCA in a claim against the United States unless he

20  has "first presented the claim to the appropriate Federal agency and his claim [has] been

21  finally denied by the agency in writing." 28 U.S.C. § 2675. Failing to respond to a claim

22  within six months shall "be deemed a final denial of the claim for the purposes of this

23  section" at the option of the claimant. *Id.* When a Plaintiff files a claim in state court that is

24  later removed to federal court pursuant to FTCA, "jurisdiction under section 2675(a) does

25  not arise until after removal to the district court, for only there does the action become one

26  against the United States." *Staple v. U.S.*, 740 F.2d 766, 768 (9th Cir. 1984). When a plaintiff

27  files a suit while an administrative complaint is pending and does not name the United States,

28

                                          - 2 -

1    he may later amend the complaint to name the United States after administrative remedies

2    are exhausted. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 856 (9th Cir. 2011) ("There is

3    nothing in the statute or our case law that would prevent a plaintiff from amending an

4    existing complaint asserting non-FTCA claims to name the United States as a defendant and

5    include FTCA claims once those claims have been administratively exhausted.").

6    **II.   Analysis**

7         Plaintiff has never named the United States in this matter, and does not contest the

8    United States' determinations that Defendant Sun West and Defendant Renee Percell are

9    subject to the FTCA. (See Doc. 1-1, Ex. B-1; 42 U.S.C. §§ 233(g)–(n)). The United States

10   removed the case on November 16, 2011, and filed a Notice of Substitution on November

11   17, 2011. (Docs. 1, 3). Plaintiff filed her administrative claim on May 31; the complaint had

12   been pending for less than six months when Defendant removed this case. Federal

13   jurisdiction in state cases that are subsequently removed pursuant to FTCA arises "after

14   removal to district court." *Staple*, 740 F.2d at 768.[1] Jurisdiction therefore arose here on

15   November 16, 2011, when Plaintiff's administrative complaint had been pending for five

16   months and two weeks. Since the administrative complaint had not been resolved and had

17   been pending for less than six months, the United States had not waived its sovereign

18   immunity, and this Court lacks subject-matter jurisdiction to hear this case.

19        The Ninth Circuit has noted that in claims where a plaintiff is unsure whether the

20   FTCA will apply—for example, because a federal employee may or may not be deemed to

21

22        [1] The United States cites *Staple* for the proposition that "a federal court's jurisdiction
23   in an FTCA/removal case from state court in which the United States has been substituted
     for individual defendants is the date on which *the state court action was filed*." (emphasis
24   added). In fact, *Stape* reads, "the issue of federal court jurisdiction under section 2675(a)
     does not arise *until after removal to district court*, for only there does the action become one
25   against the United States." 740 F.2d at 768. Elsewhere in *Staple*, the Ninth Circuit concluded
26   that a claim filed in state court and removed by the United States after the expiration of the
     relevant statute of limitations is not rendered untimely by the removal, but nowhere does it
27   hold that federal jurisdiction dates back to the original state filing.

28

have been acting in his capacity as a federal employee—"a careful plaintiff may nonetheless wish to file a state court action; by doing so, she ensures that, if the [employee] is ultimately found to have acted outside the scope of his employment, a state forum is still available." *Staple*, 740 F.2d at 768. Likewise, here Plaintiff made no effort to invoke the jurisdiction of FTCA before the six-month period elapsed. The fact that she amended her state court complaint without naming the United States after she had filed the administrative claim suggested an effort to preserve the state forum in case the United States were to have concluded that Defendants were covered by the FTCA. Defendant invoked federal jurisdiction two weeks before the six-month period expires, and now argues for dismissal based on the timing not of Plaintiff's decisions, but its own. Defendant does not deny that the administrative claim has now been pending over six months without being resolved, and that a six-month delay in responding to an administrative complaint can "be deemed a final denial" at the discretion of the plaintiff, and thereby meet the exhaustion requirement. 28 U.S.C. § 2675.

Plaintiff asks for a stay pending the resolution of the administrative claim should the Court find that it lacks subject-matter jurisdiction in this matter. No stay is necessary. The only reason that the Court lacks subject-matter jurisdiction is that the United States substituted itself two weeks before the expiration of the six-month period to resolve the administrative complaint. The Ninth Circuit has declined to endorse tactics by the United States in FTCA claims that amount to efforts to "sandbag the plaintiff simply because she did not file suit against the United States in federal court within the limitations period." *Staple*, 740 F.2d at 770. Similarly, the United States cannot compel Plaintiff to incur duplicate filing costs and unnecessary delay based upon the date on which the United States determines that a particular entity or employee is covered by FTCA. Because this Court "should freely give leave [to amend a complaint] when justice so requires," Plaintiff shall be granted thirty days in which to amend her complaint and properly name the United States.  Since this complaint is dismissed, Defendant's previous invocation of federal jurisdiction is extinguished, and will

not rob the Court of subject-matter jurisdiction over a properly filed amended complaint. Requiring Plaintiff to re-file this suit, when she has already paid the filing fees and when she has now exhausted her administrative remedies, would be unduly burdensome and would needlessly delay resolution of this matter.

## CONCLUSION

A Plaintiff who files a federal suit invoking the FTCA and later files an administrative claim cannot continue his suit based upon the fact that the administrative claim was exhausted during the suit, because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). When a plaintiff's original complaint does not invoke the FTCA, however, nothing prevents him from "amending [the complaint] after exhaustion to state an additional claim under the FTCA." *Valadez-Lopez*, 656 F.3d at 857. Because federal jurisdiction was invoked before the six-month period expired, the complaint must be dismissed. The complaint is, however, dismissed without prejudice, and Plaintiff will have thirty days to amend her complaint.

**IT IS THEREFORE ORDERED:**

1.    Defendant's Motion to Dismiss (Doc. 4) is **granted**, and this matter is dismissed **without prejudice**.

2.    Plaintiff shall have **thirty (30) days** from the date of this Order to file an amended complaint. If Plaintiff fails to file an amended complaint **within thirty (30) days**, the Clerk of Court is instructed to terminate this lawsuit.

DATED this 16th day of April, 2012.

G. Murray Snow
United States District Judge