**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol E. Whitney, ) | No. CV-11-2256-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States of America, ) | |
| Defendant. ) | |

Pending before the Court is Defendant United States of America's Motion for Reconsideration. (Doc. 11). For the reasons discussed below, the motion is denied.

**BACKGROUND**

On April 14, 2011, Plaintiff Carol Whitney filed suit in Maricopa County Superior Court, alleging medical malpractice by original defendants Renee A. Percell and Sun Life Family Health Center, Inc. ("Sun Life"), along with a number of fictionally named Defendants. (Doc. 1-1, Ex. A at 7). On May 23, 2011, an attorney who had received service on behalf of Sun Life wrote to Plaintiff's attorney to inform him that because Sun Life provides services pursuant to federal law, it is subject to the Federal Tort Claims Act ("FTCA"). (Doc. 5-2, Ex. B). The United States is liable for the torts of covered entities under the FTCA, so long as a plaintiff exhausts administrative remedies by filing an administrative claim before invoking federal jurisdiction against the United States. 28 U.S.C.

1  §§ 2674, 2675(a) (2006). On May 31, 2001, Plaintiff filed an administrative claim against
2  the Department of Health and Human Services ("HHS"). On October 31, 2011, Plaintiff
3  amended her state court complaint. (Doc. 5-4, Ex. D). On November 16, 2011, the United
4  States removed this action to federal court pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C.
5  § 233(c), which provide for exclusively federal remedies in cases seeking damages from
6  FTCA-covered entities or their employees. (Doc. 1).

7  On April 16, 2012, the Court dismissed Plaintiff's complaint without prejudice
8  because the federal courts lack subject-matter jurisdiction over FTCA complaints that are
9  filed before administrative remedies have been exhausted. (Doc. 7). At the time of dismissal,
10 however, Plaintiff's administrative complaint had remained unanswered after six months,
11 which can "be deemed a final denial" at the discretion of the plaintiff; the exhaustion
12 requirement had therefore been satisfied when the suit was dismissed. 28 U.S.C. § 2675.
13 Because Plaintiff had exhausted administrative remedies during the course of the litigation,
14 this Court had subject-matter jurisdiction over the controversy as soon as the original suit
15 was dismissed. To avoid unnecessary delay and to keep Plaintiff from needlessly paying a
16 separate filing fee for an entirely new suit, the Court granted her leave to amend her original
17 complaint. (Doc. 7 at 4–5) ("Since this complaint is dismissed, Defendant's previous
18 invocation of federal jurisdiction is extinguished, and will not rob the Court of subject-matter
19 jurisdiction over a properly filed amended complaint.").

20 Defendant has filed a motion for reconsideration, stating that the order "improperly
21 permits Plaintiff to amend her Complaint," and that it "contains errors of fact and law." (Doc.
22 11 at 1). Defendant acknowledges that should it prevail, the only consequence will be that
23 Plaintiff will be required to file a new suit and pay a new filing fee; it does not deny that
24 Plaintiff has now exhausted her administrative remedies and may proceed with her suit.
25 ("That Plaintiff is inconvenienced by the prospect of having to refile her suit is unfortunate,
26 but necessary under the governing statutory scheme of the FTCA."). (Doc. 11 at 7–8).

27
28

**DISCUSSION**

**I.     Legal Standard**

Motions for reconsideration are disfavored and may only be granted on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through–rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**II.    Analysis**

Defendant does not claim that reconsideration is necessary to prevent manifest injustice or that there has been an intervening change in controlling law. In fact, Defendant does not deny that the Court granted leave to amend because "justice so requires." FED. R. CIV. P. 15(a)(3). Defendant attaches correspondence to its motion in an apparent attempt to show that Plaintiff is responsible for the delay in certifying that the original defendants were acting within the scope of their employment. (Doc. 11, Ex. A). Defendant faults Plaintiff for filing her lawsuit later than Defendant would have preferred, but does not claim that the suit was untimely. ("Plaintiff waited nearly two years after the alleged negligence occurred before filing a state court action.") (Doc. 11 at 5).[1] Even were this correspondence relevant to the original order, Defendant does not and cannot claim that it was "newly discovered or

---

[1] In discussing its own actions, Defendant discounts any suggestion that it delayed, noting that removal "is permitted any time before trial." (Doc. 11 at 3). Likewise, Plaintiff is permitted to file her suit any time before the statute of limitations expires.

1 previously unavailable." *Turner*, 338 F.3d at 1063. Reconsideration will not be granted based
2 on Defendant's attachments.

3 Defendant alleges that the original order contains "errors of fact." (Doc. 11 at 1).
4 Despite this accusation, the motion contains only one phrase that could conceivably be read
5 as disputing the facts, rather than the law, in the original order. That sentence reads, "[T]he
6 Order inaccurately stated that the United States 'controlled' when the removal occurred."
7 (Doc. 11 at 6). Defendant does not cite to the Order for this proposition, instead citing to its
8 own attachment. In fact, the word "controlled" does not appear anywhere in the original
9 Order. Moreover, Defendant does not deny that it filed a Notice of Removal on November
10 16, 2011. (Doc. 1). There are no errors of fact in the original Order, let alone "manifest
11 errors." *Turner*, 338 F.3d at 1063.[2]

12 In the remainder of Defendant's motion, it asks the Court to "rethink what the court
13 has already thought through." *Rezzonico*, 32 F. Supp. 2d at 1116. Not only are Defendant's
14 arguments improper to raise in a motion for reconsideration, they are wrong. Defendant's
15 core argument is that the Court must dismiss Plaintiff's case with prejudice and require her

---

[2] Defendant argues that it did not "sandbag" Plaintiff because it was required to remove the state court complaint once it certified that the original defendants were acting within the scope of federal employment. (Doc. 11 at 3). It does not deny that it certified the defendants a mere two weeks before the six-month period for acting on the administrative complaint had expired, and that if it had certified them two weeks later (or if the agency had denied the complaint before certification), Plaintiff would have exhausted her administrative remedies before federal jurisdiction attached. Defendant has abandoned its original argument, that federal jurisdiction attaches retroactively based not on removal but on the date the original state claim is filed, perhaps because the case it cited for that proposition in fact held exactly the opposite. *Compare* Defendant United States' Reply to Response to Motion to Dismiss (Doc. 6 at 6) ("it is well settled that her FTCA action against the United States commenced when she filed the state court action, on April 14, 2011") *with Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984) ("the issue of federal court jurisdiction under section 2676(a) does not arise until after removal to district court, for only there does the action become one against the United States"). Rather than wait for Plaintiff's administrative complaint to expire, and thereafter meet the suit on its merits, Defendant chose to certify the original defendants, remove to federal court, and seek dismissal, all the while acknowledging that by doing so it merely delayed resolution of the suit and increased costs at the expense of promoting resolution of the suit.

- 4 -


...


1 to file an entirely new case because the earlier—now dismissed— complaint was filed before 2 the administrative complaint. Defendant cites no case in which a court relied upon the date 3 on which a plaintiff filed a complaint that was later dismissed when contemplating whether 4 a later complaint (amended or not) was filed after administrative remedies were exhausted. 5 Instead, it continues to cite cases in which plaintiffs had not filed administrative complaints 6 at all. *See Bewley v. Campanile*, 87 F. Supp. 2d 79 (D. R.I. 2000) (dismissing a claim when 7 plaintiff filed no administrative complaint); *Brady v. United States.*, 211 F.3d 499 (9th Cir. 8 2000) (dismissing a claim when plaintiff claimed that filing an earlier federal lawsuit 9 satisfied the exhaustion requirement). It also relies on *McNeil v. United States*, 508 U.S. 106, 10 110 (1993), in which the Supreme Court held that a person who filed a federal suit and 11 subsequently filed an administrative complaint had not complied with the exhaustion 12 requirement. In *McNeil*, the Court emphasized that it was operating under an assumption: 13 namely, "that the Court of Appeals correctly held that nothing done by petitioner after the 14 denial of his administrative claim on July 21, 1989, constituted the commencement of a new 15 action." 508 U.S. 110. Here, conversely, the original action has been dismissed, and the 16 exhaustion requirement has therefore been satisfied. Providing Plaintiff the opportunity to 17 re-file her suit as an amended complaint, rather than requiring her to pay a new filing fee and 18 delay resolution of this matter, takes the case outside the ambit of *McNeil*.

19 Defendant finally argues that the Court "incorrectly cites" the only binding case that 20 presents an analogous situation, namely *Valadez-Lopez v. Chertoff*, 656 F. 3d 851 (9th Cir. 21 2011). In *Valadez-Lopez*, as the Court noted in the original Order, the Ninth Circuit granted 22 a Plaintiff leave to amend a complaint filed before administrative remedies had been 23 exhausted to add FTCA claims against the United States. 656 F.3d at 857. ("*McNeil* ought 24 not be read as preventing a plaintiff who wishes to state a number of federal and state law 25 claims against an array of defendants from filing a complaint alleging common facts and 26 amending it after exhaustion to state an additional claim under the FTCA."). Defendant 27 properly notes one distinction in *Valadez-Lopez*: the plaintiff had originally sought relief 28 "against state and federal defendants for violating his constitution [*sic*] rights." (Doc. 11 at

- 5 -

7). Defendant fails to note the other key distinction between this case and *Valadez-Lopez*, which is that in *Valadez-Lopez*, the original complaint had not been dismissed when leave to amend was granted. The fact that the original claims in *Valadez-Lopez* were not FTCA claims is only relevant because they remained active claims when the complaint was amended; at the time the complaint was amended here, there were no non-dismissed claims, FTCA or otherwise. The *Valadez-Lopez* decision discourages requiring "undue acrobatics" of FTCA plaintiffs, entirely consistent with the Court's earlier order. 656 F.3d at 857.

Plaintiff's original complaint was dismissed. Once the complaint was dismissed, previous invocations of federal jurisdiction, whether categorized as by the Plaintiff, by the Defendant, or by operation of law, were extinguished. Defendant does not deny that Plaintiff has now exhausted her administrative remedies and may proceed; it claims only that she must be required to re-file an identical suit and pay the filing fee again. Dismissal extinguished the original suit, and a "requirement to file a new separate lawsuit . . . would undermine the objectives of the exhaustion requirement." *Valadez-Lopez*, 656 F.3d at 857.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider (Doc. 11) is **denied**.

DATED this 22nd day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge